UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CR-33-TS |
| | ) | |
| KENNETH MUTHLEB | ) | |

**OPINION**

This matter is before the Court on Defendant Kenneth Muthleb's Motion to Suppress, filed on July 21, 2005. The Defendant was charged on May 25, 2005, with conspiracy to possess cocaine with intent to distribute under 21 U.S.C. § 846, and with possession of cocaine with intent to distribute under 21 U.S.C. § 841. The Defendant seeks to suppress evidence obtained in a search of his vehicle on December 3, 2004, and other evidence obtained as a result of that search. The government responded to the Defendant's motion on August 5, 2005. The Court held a hearing on the matter on August 29, 2005. The Defendant filed a brief supporting his motion on October 31, 2005, and the Government responded on December 8, 2005.

**A.     Findings of Fact**

The Fort Wayne DEA office received a phone call from the narcotics office in Ontario. California, stating that a package containing twelve kilograms of cocaine was addressed to T. Shaw at 2611 Poinsette Drive in Fort Wayne, Indiana. A controlled delivery of the package was organized. The police rigged the package with a device that relayed signals to another machine when the package was opened or moved, though the government offered no evidence as to whether any agents or officers received signals from the device. The police also inserted one kilogram of cocaine and other objects into the package so that it weighed about twelve kilograms—the same as it would have

if the police had not altered it.

  Detective Steven Espinoza and Detective Thompson were positioned in a vehicle about one block north of 2611 Poinsette Drive. From that position, they could see the front door of the residence at that address. Detective Espinoza did not have binoculars, but he thought that Detective Thompson may have used binoculars. Captain Hadley was located in a tavern parking lot a half a block from the residence at 2611 Poinsette Drive. He was able to see the front door of the residence, but had a slightly obstructed view, and he did not have binoculars. Agent Michael Foldesi was also involved in surveillance.

  Agent Howard Schneider was chosen to deliver the package. Agent Schneider posed as a UPS driver and wore a wire so that other agents could listen to the conversation he had when delivering the package. Prior to the delivery, he determined that 2611 Poinsette Drive was the residence of Patricia Hagerman and that the Defendant Kenneth Muthleb was not a resident there. Agent Schneider went to the address and the package was delivered to an individual who stated that his name was Kenneth Muthleb. Schneider left the area and returned to the Fort Wayne narcotics office. After delivery, Agent Schneider contacted Agent Foldesi and told Foldesi Muthleb's name, description, and the license plate of the SUV parked on the premises.

  Detective Espinoza saw a black male accept the package from Agent Schneider, but could not see the face of the individual accepting the package. Captain Hadley also saw Agent Schneider deliver a package to a black male at 2611 Poinsette Drive, but he too could not see the individual's face.

  After the controlled delivery, Detecitve Espinoza saw an individual leave the house and drive away in an SUV. Five minutes later, the vehicle returned and the individual entered the house.

Captain Hadley also saw an individual leave the house and return five minutes later. Agent Foldesi followed the individual when he drove away from the residence in the SUV. Agent Foldesi stated that he followed the SUV to a McDonald's Restaurant where he drove around the parking lot. He then returned to the residence. Agent Foldesi testified that the behavior of the driver was consistent with counter-surveillance techniques used by subjects of drug investigations. Agent Foldesi also testified that from his vantage point there was no other subject matching the description of the Defendant at the residence or near the SUV.

About fifteen minutes later, Detective Espinoza saw an individual exiting the house carrying a package and place it in the back seat of the SUV. Detective Espinoza admitted he was not sure whether the individual he saw leaving the house was the same individual who accepted the package or whether the package with the individual leaving the house was the same package delivered by Agent Schneider. Captain Hadley stated that he heard over the police radio that a black male was leaving the residence and had placed a package in the rear of the SUV. Agent Foldesi decided to stop the individual before he left with the cocaine.

The Police SWAT team and other officers and agents converged on the residence. Detective Jim Hatfield ordered the Defendant out of the SUV. The Defendant was cuffed and detained. Captain Hadley stated that the SUV's windows were tinted and that he did not know whether the package could be seen in the SUV through the windows. When Agent Foldesi arrived, the doors to the SUV were open and he confiscated the package that was sitting in the back seat. According to Agent Foldesi, it appeared to be the same package delivered by Agent Schneider and it had not been opened.

Following his arrest, Muthleb was taken to be interrogated by the Police. He was given a

3

*Miranda* warning and he gave incriminating statements to the police. The interrogation was terminated when he asked for his lawyer and he was released.

**B.    Probable Cause Analysis**

Because the search of the Defendant's SUV and arrest was done without a warrant, the prosecution bears the burden of establishing legality. *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985). The Defendant argues that the search of the Defendant's car and the arrest of the Defendant violated the Defendant's Fourth Amendment rights. The Fourth Amendment allows police to search a vehicle without a warrant if the police have probable cause to believe the car contains contraband or evidence. *United States v. Young*, 38 F.3d 338, 340 (7th Cir. 1994) (citing *Carroll v. United States*, 267 U.S. 132 (1925)). "Probable cause to search exists if, given the totality of the circumstances, there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *Young*, 38 F.3d at 340 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Also, an officer has probable cause to make an arrest "when the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a prudent person in believing the suspect has committed or is committing an offense." *United States v. Sawyer*, 224 F.3d 675, 678–679 (7th Cir. 2000). Where officers act jointly, probable cause is determined by the collective knowledge of the officers involved in the joint action. *United States v. Ledford*, 218 F.3d 684, 688 (7th Cir. 2000); *United States v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000) ("When law enforcement officers are in communication regarding a suspect, the knowledge of one officer can be imputed to the other officers under the collective knowledge doctrine.").

In this case, the officers and agents had probable cause to believe that the Defendant committed a crime and that the SUV contained contraband. From the evidence, it appears that Agent Schneider was the only law enforcement officer to have a clear view of the Defendant's face. However, Agent Schneider described the Defendant to Agent Foldesi and several other officers saw a black male accept the delivery. Agent Foldesi followed an individual fitting the description of the Defendant as the Defendant drove through the McDonald's parking lot, taking what Agent Foldesi believed to be counter-surveillance measures. Only fifteen minutes later, an individual fitting the description of the Defendant was seen leaving the house and entering the SUV with a package similar to the package delivered by Agent Schneider that contained cocaine.

At this point, a reasonably prudent person who knew Agent Schneider delivered a package containing cocaine to the residence, heard Schneider's description of the deliveree, and watched from a distance all of the events at 2611 Poinsette Drive would believe that the person leaving the residence with the package was in possession of one kilogram of cocaine. Without Schneider present to confirm the Defendant's identity, Agent Foldesi, Detective Espinoza, and Captain Hadley could not be certain the individual seen leaving the residence was the same individual who accepted the package. Also, because the SUV had tinted windows, the officers could not confirm that the package in the SUV was the package delivered by Schneider before searching the SUV. However, probable cause does not require certainty. *United States v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000) (noting that "probable cause does not require certainties"). The belief that the package contained cocaine was reasonable in light of the facts that the individual who accepted the delivery of cocaine fit the description of the individual who entered the SUV with the package, that the delivered package resembled the package carried into the SUV, that the individual drove around fifteen minutes prior

5

to leaving with the package conducting what appeared to be counter-surveillance, and the fact that there appeared to be no other black males at the residence or near the SUV. Because it was reasonable to believe the package contained cocaine, the officers and agents were warranted in believing that the Defendant was committing a crime and a search of the SUV would produce cocaine. Thus, the officers involved in the arrest of the Defendant and search of his SUV had probable cause to do so, and the challenged evidence will not be suppressed.

## ORDER

For the reasons stated, the Defendant's motion to suppress is DENIED. A telephone conference is SET for Wednesday, December 14, 2005 at 2:00 PM to schedule a final pretrial conference and a date for trial to begin.

SO ORDERED on December 13, 2005.

    /s/ Theresa Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT